UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:00-CR-140-F
No. 7:12-CV-105-F

| | |
|---|---|
| ANTHONY SHENEER WRIGHT,<br>Petitioner, | )<br>)<br>) |
| v. | )     O R D E R |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>) |

This matter is before the court on the Petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255 [DE-36]. The Petitioner, Anthony Sheneer Wright ("Wright"), contends he received ineffective assistance of counsel at his supervised release revocation proceeding and his direct appeal from his revocation sentence. Wright also requests an order compelling the Government to file a Rule 35 motion to reduce his sentence. Because Wright's claims lack merit, the Government's motion to dismiss [DE-49] is ALLOWED.

**FACTUAL BACKGROUND**

Wright originally pled guilty in 2001 pursuant to a written plea agreement to distribution of 50 grams or more of cocaine base. He was sentenced to 96 months imprisonment to be followed by 5 years of supervised release. After his release from prison, Wright's probation officer filed a motion to revoke his supervised release based on his failure to comply with a variety of supervised release conditions. The most serious violations related to new state charges Wright incurred for distribution of heroin and possession of a firearm by a convicted felon. He

also violated supervised release conditions by failing to notify his probation officer within twenty-four hours of being arrested.

The court held a revocation hearing on April 25, 2011, and Wright informed the court he planned to plead "no contest" to the state law charges. Thus, Wright did not contest in this court the factual predicate underlying either of the state charges. The court found as a fact that Wright violated the conditions of supervised release by committing criminal conduct and failing to comply with other conditions of his supervised release and sentenced him to the statutory maximum of 60 months. The court explained that it was upwardly departing from the applicable guideline range due to Wright's substantial criminal history and his inability to comply with the conditions of supervision. The court noted that Wright's continued criminal conduct posed a threat to society. Wright alleges that the two state law charges forming the basis of the motion for revocation were dismissed by the state and thus the court erred when it imposed the statutory maximum sentence.

On direct appeal from this sentence, Wright (through counsel) argued the sentence was procedurally unreasonable because the court failed to sufficiently explain its reason for upwardly departing from the applicable guideline range. The Fourth Circuit rejected this argument and affirmed the sentence. Counsel allegedly did not consult with Wright prior to filing the appellate brief in his case. Wright alleges that if counsel had done so, Wright would have informed counsel that the state law charges were dismissed, which arguably would have provided factual support for a better appellate argument regarding the reasonableness of his sentence.

2

## ANALYSIS

### I. Standard of Review

The Government moves to dismiss the petition under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). While the court accepts the well-pleaded factual allegations as true, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court may consider "the files and records of the case" when deciding a Rule 12(b)(6) motion to dismiss a § 2255 petition. 28 U.S.C. § 2255(b); *see United States v. McGill*, 11 F.3d 223, 225 (1st Cir.1993).

### II. Discussion

Wright alleges that he received ineffective assistance of counsel at his supervised release revocation proceeding and his direct appeal from his revocation proceeding. Wright's principal contention is that his appellate counsel was ineffective for failing to consult with him prior to filing the appellate brief in his case. Wright alleges that if counsel had done so, counsel would have learned that the state charges had been dismissed and Wright's appellate arguments regarding the reasonableness of his sentence, in turn, would have been more likely to succeed.

3

This claim (and all of Wright's other allegations of ineffective assistance of counsel) lack merit because there is no constitutional right to effective assistance of counsel during supervised release revocation proceedings or direct appeals from revocation proceedings. *United States v. Drew*, 2 F. Supp. 2d 781, 783 (E.D. Va. 1998); *see also United States v. Pelensky*, 129 F.3d 63, 68 n.8 (2d Cir.1997); *United States v. Soto–Olivas,* 44 F.3d 788, 792 (9th Cir.1995). Because there is no constitutional right to effective assistance of counsel during revocation proceedings, Wright cannot show that he is imprisoned in violation of his Sixth Amendment rights. *See* 28 U.S.C. § 2255.

Wright also requests an order compelling the Government to file a Rule 35 motion on his behalf. "Federal courts may review a prosecutor's refusal to file a Rule 35 motion and grant a remedy when the refusal is based on an unconstitutional motive or if such refusal is not related to a legitimate government end." *United States v. McCutcheon*, 89 F. App'x 821, 822 (4th Cir. 2004) (citing *Wade v. United States,* 504 U.S. 181, 185-86 (1992)). Wright's motion states "[f]or my substantial assistance, the government has not filed a Rule 35(b) upon my behalf, for my unrewarded cooperation, that led to investigations and prosecutions of several defendants. Without my help, the government would not have solved these cases. By [the] Government refusing to file a Rule 35(b) does not lend to a legitimate end, thus is unconstitutional." Motion [DE-36] at 8. This conclusory allegation that the Government's refusal to file the motion was unconstitutional or otherwise not related to a legitimate government end is not sufficient to survive the Government's motion to dismiss. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th cir. 2009) (explaining "bare assertions devoid

of further factual development" are not sufficient to survive a motion to dismiss). Thus, the request to compel the government to file a Rule 35 motion is denied.

Finally, Wright has submitted two motions for leave to amend his petition [DE-42, -43]. These motions are wholly without merit, and they are denied as futile.

## CONCLUSION

For the reasons detailed herein, Wright's § 2255 Motion to Vacate, Set Aside or Correct his Sentence [DE-36, -40] is DENIED and the petition is DISMISSED. The Government's motion to dismiss [DE-48] is ALLOWED. Wright's motions to amend [DE-41, -42] are also DENIED. The motions at docket entries 54 and 55 were filed in error and they are therefore DENIED as moot. The Clerk of Court is DIRECTED to close this case.

## CERTIFICATE OF APPEALABILITY

Having denied Wright's § 2255 petition, the court must determine if he has made a sufficient showing to entitle him to a Certificate of Appealability pursuant to § 2253(c). Section 2253(c) provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Wright has not met the standard for issuance of a certificate of

5

appealability. Therefore, a certificate of appealability also is DENIED.

SO ORDERED.

This the 19th day of August, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge